# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 16-01617 |
| | § | |
| EUGENIO LARA | § | |
| | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATION FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that David P. Leibowitz, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 South Dearborn Street, Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00 a.m. on 07/11/2017, in Courtroom 613, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed:   06/15/2017              By:   /s/ David P. Leibowitz
                                             Trustee

David P. Leibowitz
53 West Jackson Boulevard, Suite 1610
Chicago, IL, 60604

UST Form 101-7-NFR (10/1/2010)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| In re: | § | Case No. 16-01617 |
|---|---|---|
| | § | |
| EUGENIO LARA | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

*The Final Report shows receipts of*     $1,400.00
*and approved disbursements of*     $4.86
*leaving a balance on hand of*[1] :     $1,395.14

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors:     $0.00
Remaining balance:     $1,395.14

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| David P. Leibowitz, Trustee Fees | $160.61 | $0.00 | $160.61 |
| David P. Leibowitz, Trustee Expenses | $38.08 | $0.00 | $38.08 |

Total to be paid for chapter 7 administrative expenses:     $198.69
Remaining balance:     $1,196.45

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

Total to be paid to prior chapter administrative expenses:     $0.00
Remaining balance:     $1,196.45

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

| | Total to be paid to priority claims: | $0.00 |
|---|---|---|
| | Remaining balance: | $1,196.45 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $435.50 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | City of Chicago Department of Finance | $435.50 | $0.00 | $435.50 |

| | Total to be paid to timely general unsecured claims: | $435.50 |
|---|---|---|
| | Remaining balance: | $760.95 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

| | Total to be paid to tardily filed general unsecured claims: | $0.00 |
|---|---|---|
| | Remaining balance: | $760.95 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in

**UST Form 101-7-NFR (10/1/2010)**

full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

| | |
|---|---:|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $760.95 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.58 percent pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $3.38. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor(s) after payment of all claims and interest is $757.57.

Prepared By: /s/ David P. Leibowitz
Trustee

David P. Leibowitz
53 West Jackson Boulevard, Suite 1610
Chicago, IL, 60604

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**

United States Bankruptcy Court
Northern District of Illinois

In re:  Case No. 16-01617-DLT
Eugenio Lara  Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1  User: mflowers  Page 1 of 1  Date Rcvd: Jun 15, 2017
    Form ID: pdf006  Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 17, 2017.
db     #Eugenio Lara,  1603 Howard Ave,  Des Plaines, IL  60018-3023
25653004     +City of Chicago Department of Finance,  c/o Arnold Scott Harris P.C.,
    111 W. Jackson Ste. 600,  Chicago, IL 60604-3517

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.  TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 17, 2017     Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 15, 2017 at the address(es) listed below:
    David P Leibowitz, ESQ    dleibowitz@lakelaw.com,
    il64@ecfcbis.com;ECF@lakelaw.com;dl@trustesolutions.com;dl@trustesolutions.net
    David P Leibowitz, ESQ    on behalf of Trustee David P Leibowitz, ESQ dleibowitz@lakelaw.com,
    il64@ecfcbis.com;ECF@lakelaw.com;dl@trustesolutions.com;dl@trustesolutions.net
    Karen Walin    on behalf of Debtor 1 Eugenio  Lara kwalin@chicagolegalllc.com,
    clifford7285@att.net;sskupien@chicagolegalllc.com;G7531@notify.cincompass.com
    Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
    Stanislaw J Skupien    on behalf of Debtor 1 Eugenio  Lara sskupi@gmail.com
    Todd J Ruchman    on behalf of Creditor   US Bank N.A. amps@manleydeas.com
    TOTAL: 6